IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GWENDOLYN HACKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| PIEDMONT HOSPITAL, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | / |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, GWENDOLYN HACKETT (hereinafter "Plaintiff" or "HACKETT"), by and through undersigned counsel, and files her Complaint against the Defendant, PIEDMONT HOSPITAL, INC. (hereinafter "Defendant" or "Piedmont") and states as follows:

## NATURE OF THE CLAIMS

1.  This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and retaliation against Plaintiff, leading to her unlawful termination.

## PARTIES

2. Plaintiff, Hackett, is a citizen of the United States and is and was at all times material, a resident of the State of Georgia.

3. Defendant, Piedmont, is a Domestic Nonprofit Corporation with its principal place of business in Atlanta, GA. Defendant does business in this district at 1968 Peachtree St. NW, Atlanta, GA 30309.

4. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Plaintiff's rights under the ADA.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On or about September 25, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practices occurred.

10. On December 16, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue at the request of Plaintiff, a copy of which is attached hereto as **Exhibit A**.

11. This Complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. During her tenure with Defendant Plaintiff held various roles. In November 2017, Plaintiff worked as a Lead Transporter.

13. As a Lead Transporter, Plaintiff's essential job function was to monitor Defendant's "Epic System" and monitor phone calls to ensure that patients reached their testing sites. The system was required to be constantly monitored; thus, Plaintiff was not permitted to leave her station unless relieved by another Lead.

14. In December 2017, Plaintiff suffered a stroke which resulted in weakness on the right side of her body, substantially limited her major life functions of lifting, pushing, and pulling.

14. In December 2017, Plaintiff suffered a stroke which resulted in weakness on the right side of her body, substantially limited her major life functions of lifting, pushing, and pulling.

15. Plaintiff is disabled.

16. Plaintiff is a qualified individual with a disability because she is able to perform the essential functions of her job with or without reasonable accommodations.

17. Plaintiff informed Defendant about her disability and notified Defendant she required the reasonable accommodation of a medical leave due to her disability.

18. Plaintiff was out on disability leave from December 2017 to April 2018.

19. In April 2018 Plaintiff was cleared to return to work with the required accommodations of not lifting, pushing, or pulling more than 20 pounds.

20. Under the accommodations proscribed by Plaintiff's physician she remained able to perform the essential functions of her Lead Transporter position without any accommodations as it did not require any lifting, pushing, or pulling.

21. However, rather than return Plaintiff to her Lead Transporter position, Undry Moultrie (Supervisor) and Matt Kaufman (Previous Director) demoted Plaintiff back to the position of Transporter I.

22. The Transport I position required Plaintiff to physically transport patients which would have been in violation of her required restrictions and she would therefore require workplace accommodations.

23. After demoting Plaintiff from a position where she did not require any accommodations to one where she did, Defendant then "accommodated" Plaintiff in her new position by requiring her to complete the same duties she was performing as a Lead Transporter. However, Plaintiff was now receiving less pay for completing the same job duties she was performing before her demotion.

24. In July 2019, Nikki Jackson (Workplace Accommodations Coordinator) told Plaintiff that Defendant would no longer accommodate Plaintiff's lifting, pushing, and pulling restrictions.

25. Instead of engaging Plaintiff in the interactive process, or returning Plaintiff to the Lead Transporter position, Defendant placed Plaintiff out of work starting July 12, 2019 and directed her to apply for other jobs within the company if she wished to continue her employment.

26. At this same time Defendant began advertising for the Lead Transporter position demonstrating that there was no legitimate non-discriminatory reason to remove Plaintiff from the position and there was no reason they could not have returned Plaintiff to the position.

27. Defendant gave Plaintiff the ultimatum of finding a different position by early October 2019 or she would be terminated. Ms. Jackson claimed that Defendant would provide Plaintiff with a recruiter to assist with finding an alternative position; however, Defendant failed to provide Plaintiff with a recruiter.

28. Plaintiff reported concerns of discrimination to Mandy James (Human Resources Director) to no avail.

29. Plaintiff applied for numerous positions with Defendant including an EVS Attendant at Piedmont Atlanta and Piedmont Fayetteville, Unit Secretary at Piedmont Atlanta, Patient Sitter at Piedmont Atlanta and Piedmont Henry, and Patient Greeter at Piedmont Atlanta on two separate occasions. Despite Plaintiff's numerous applications and her qualifications for each position, Defendant refused to consider Plaintiff for any alternative position.

30. Defendant terminated Plaintiff's employment on October 9, 2019 on the basis of her disability under the pretext that she failed to secure an alternative position - which Defendant prevented Plaintiff from obtaining and which Defendant refused to provide as a reasonable accommodation.

31. Plaintiff has been damaged by Defendant's conduct.

32. Plaintiff has had to retain the services of undersigned counsel and has agreed to compensate said counsel with reasonable attorneys' fees.

## COUNT I:  DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant altered Plaintiff's terms, conditions, and privileges of employment, including terminating Plaintiff, because of her disability.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

43. Defendant was aware of Plaintiff's disability.

44. Defendant was aware of Plaintiff's request for accommodation.

45. Reasonable accommodations existed.

46. Defendant failed to reasonably accommodate Plaintiff's disability.

47. Defendant failed to properly engage in the interactive process to reasonably accommodate Plaintiff.

48. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### COUNT III: RETALIATION IN VIOLATION OF THE ADA

50. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

51. Plaintiff engaged in protected activity under the ADA by reporting Defendant's disability-based discrimination.

52. As a result of Plaintiff's complaint, Defendant, by and through its agents and employees, took materially adverse actions against Plaintiff including, but not limited to, forcing Plaintiff out of work and terminating Plaintiff.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the

amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted,

*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Georgia Bar No.: 341618
gabrielle.klepper@spielbergerlawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Attorney for Plaintiff*